UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

STEPHANIE ANN RIPPLE, As Administratrix
of the Estate John R. McCool,

       Plaintiff,

v.                                                                                    5:24-CV-0243
                                                                                     (GTS/TWD)
NORTHUMBERLAND COUNTY, and Its
Mun. of the Commonwealth of PA;
SNYDER COUNTY, and Its Mun. of the
Commonwealth of PA; STATE OF NEW
YORK; PA DEP'T OF CORR. AND THEIR
PRISON HEALTH CARE SERVS.;
ONTARIO CNTY. OF NYS; DA JAMES
RITTS; NYS DEP'T OF CORR.; LETITIA
JAMES, New York Att'y Gen.; and
MICHELLE HENRY, Commonwealth AG;
DA TONY MATULEWICZ; and
DA MICHAEL PIECUCH,

       Defendants.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| STEPHANIE ANN RIPPLE<br> Plaintiff, *Pro Se*<br>726 Chestnut Road<br>Millville, PA 17846-8601 | |
| HON. MICHELLE A. HENRY<br>Pennsylvania Attorney General<br> Counsel for the Pennsylvania Defendants<br>15th Floor, Strawberry Square<br>Harrisburg, PA 17120 | TYLER M. JEFFRIES, ESQ.<br>Deputy Attorney General |

| | |
|---|---|
| HON. HOLLY A. ADAMS<br>Ontario County Attorney<br>  Counsel for Ontario County Defendants<br>Municipal Building<br>20 Ontario Street, 3rd Floor<br>Canandaigua, NY 14424 | JOSEPH S. NACCA, ESQ.<br>Assistant County Attorney |
| HON. LETITIA A. JAMES<br>New York State Attorney General<br>  Counsel for NYS Dep't of Corr.<br>300 South State Street, Suite 300<br>Syracuse, NY 13202 | AIMEE COWAN<br>Assistant Attorney General |

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this *pro se* civil rights action filed by Stephanie Ann Ripple ("Plaintiff") against the eleven above-captioned individuals and entities ("Defendants"), are the following three motions: (1) the Ontario County Defendants' motion to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6); (2) the Pennsylvania Defendants' motion to dismiss Plaintiff's Complaint for failure to properly serve pursuant to Fed. R. Civ. P. 12(b)(5) and 4(j)(2) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6); and (3) Defendant New York State Department of Corrections' motion to dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. Nos. 11, 19, 21.) For the reasons set forth below, all three motion are granted.

I.  **RELEVANT BACKGROUND**

    A.  **Relevant Procedural History**

For more than two decades, John R. McCool challenged his Pennsylvania State convictions in federal courts through habeas petitions and civil suits. *See McCool v.*

*Northumberland County,* 21-CV-1242, 2022 WL 1308118, at *1 (N.D.N.Y., Apr. 4, 2022) (Dancks, M.J.) (collecting cases), *report-recommendation adopted by* 2022 WL 1304386 (N.D.N.Y., Apr. 4, 2022) (Suddaby, C.J.). In his last such suit, McCool filed claims against Northumberland County, Snyder County, and multiple district attorneys. *McCool,* 2022 WL 1308118, at *2 & n.1. This Court dismissed those claims with prejudice and without further leave to amend on numerous grounds, including failure to state a claim, frivolousness, res judicata, collateral estoppel, untimeliness, judicial and/or prosecutorial immunity. *McCool*, 2022 WL 1304386, at *1, *adopting* 2022 WL 1308118, at *4-5.

  **B.**  **Summary of Plaintiff's Complaint**

  The current action is filed by McCool's daughter as the administratrix of his estate. (Dkt. No. 1.) Liberally construed, Plaintiff's 149-page Complaint asserts fourteen claims arising from the alleged violation of McCool's civil rights during his initial and subsequent trials, imprisonment, and transfers between Pennsylvania and New York State between 1980 and his death in 2023, including, but not limited to, claims of unreasonable search and seizure, false imprisonment, abuse of process, malicious prosecution, denial of the right to confront witnesses, denial of effective assistance of counsel, denial of due process, denial of equal protection of the law, cruel and unusual punishment, and double jeopardy under 42 U.S.C. § 1983 and various amendments to the U.S. Constitution. (*Id.*)

  **C.**  **Summary of Parties' Briefing on Defendants' Motions**

    **1.**  **Defendants' Memoranda of Law-in Chief**

  Generally, in support of their motion to dismiss, the Ontario County Defendants assert the following three arguments: (1) Plaintiff's claims against the Ontario County Defendants are barred by the governing three-year statute of limitations; (2) in any event, Plaintiff's threadbare

3

factual allegations against a municipality and prosecutor fail to plausibly suggest a claim upon which relief can be granted; and (3) because the defects in Plaintiff's claims against the Ontario County Defendants are unable to be cured through better pleading, those claims should be dismissed with prejudice. (Dkt. No. 11, Attach. 1.)

Generally, in support of their motion to dismiss, the Pennsylvania Defendants assert the following three arguments: (1) Plaintiff failed to properly serve a summons and complaint on Defendant Henry in accordance with Fed. R. Civ. P. 4(j)(2);[1] (2) in any event, Plaintiff's claims against the Pennsylvania Defendants are barred by the governing two-year statute of limitations; and (3) in any event, Plaintiff has failed to state a viable claim against the Pennsylvania Defendants because (a) the Pennsylvania Department of Corrections is not a person under 42 U.S.C. § 1983, and (b) Plaintiff has failed to allege facts plausibly suggesting the personal involvement of any of the Pennsylvania Defendants in the constitutional violations alleged. (Dkt. No. 19, Attach. 1.)

Generally, in its motion to dismiss, Defendant New York State Department of Corrections asserts two arguments: (1) Plaintiff's claims against Defendant New York State Department of Corrections should be dismissed for lack of subject-matter jurisdiction, because (a) as an agency of New York State, Defendant New York State Department of Corrections is immunized from suits for money damages by the doctrine of sovereign immunity under the Eleventh Amendment, and (b) in any event, Defendant New York State Department of Corrections is not a "person" under 42 U.S.C. § 1983; and (2) in any event, Plaintiff's claims

---

[1] Although the Pennsylvania Defendants has expressly based this argument on only Fed. R. Civ. P. 4(j)(2)(A), the Court liberally construes it as asserting the defense of insufficient service of process under Fed. R. Civ. P. 12(b)(5).

4

against Defendant New York State Department of Corrections are barred by the governing three-year statute of limitations. (Dkt. No. 21, Attach. 2.)

### 2. Plaintiff's Combined Opposition Memorandum of Law

Generally, liberally construed, Plaintiff's response to Defendants' motions asserts three arguments, among others: (1) the doctrines of res judicata and collateral estoppel do not preclude any of Plaintiff's claims, because the past cases filed by McCool were never decided on the merits; (2) Plaintiff's claims are not barred by any statute of limitations because those limitations periods were tolled until after the false imprisonment of McCool ended, which it did upon his death on February 22, 2023; and (3) in any event, it would be unjust for the Court not to reach the merits of Plaintiff's current claims, given Plaintiff's evidence of Defendants' unfair treatment of McCool. (Dkt. No. 22.)

### 3. Defendants' Reply Memoranda of Law

Generally, in their reply, the Ontario County Defendants assert four arguments: (1) Plaintiff's purported "Response" to the Ontario County Defendants' motion to dismiss is untimely and does not specify which motion or motions it purports to oppose; (2) in any event, Plaintiff has failed to provide a valid legal basis upon which claims arising from alleged acts of the Ontario County Defendants in the 1980s can properly be asserted in 2024; (3) Plaintiff has failed to provide a valid legal basis upon which Defendant Ritts can be held liable in this action, because (a) Plaintiff has not alleged any actions whatsoever taken by Defendant Ritts, and (b) Plaintiff has not refuted the Ontario County Defendants' argument that her claims arising from the alleged acts of Ritts are subject to prosecutorial immunity; and (4) Plaintiff has failed to provide any legal basis upon which the alleged misconduct by Ritts could be imputed to the Ontario County. (Dkt. No. 23.)

Generally, in its reply, Defendant New York State Department of Corrections asserts three arguments: (1) although Plaintiff appears to have responded in opposition to the other Defendants' motions to dismiss, Plaintiff has failed to oppose Defendant New York State Department of Corrections' motion to dismiss; (2) although Plaintiff's failure to respond to Defendant New York State Department of Corrections' motion to dismiss does not relieve the Court of its obligation to consider the facial merit of that motion to dismiss, Plaintiff has failed to state a claim against Defendant New York State Department of Corrections for the reasons stated in its underlying memorandum of law-in chief; and (3) if the Court liberally construes Plaintiff's opposition memorandum of law as an opposition to Defendant New York State Department of Corrections' motion to dismiss, the Court should deem Plaintiff's claims against Defendant New York State Department of Corrections abandoned, because Plaintiff has failed to address any of Defendant New York State Department of Corrections' challenges to those claims. (Dkt. No. 24.)

The Pennsylvania Defendants did not submit a reply. (*See generally* Docket Sheet.)

## II.    RELEVANT LEGAL STANDARDS

### A.    Legal Standard Governing a Motion to Dismiss for Lack of Subject-Matter Jurisdiction

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Generally, a claim may be properly dismissed for lack of subject-matter jurisdiction where a district court lacks constitutional or statutory power to adjudicate it. *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). A district court may look to evidence outside of the pleadings when resolving a motion to dismiss for lack of subject-matter jurisdiction. *Makarova*, 201 F.3d at 113. The plaintiff bears the burden of proving subject-matter jurisdiction by a preponderance of the evidence.

*Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 [2d Cir. 1996]). When a court evaluates a motion to dismiss for lack of subject-matter jurisdiction, all ambiguities must be resolved and inferences drawn in favor of the plaintiff. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Makarova*, 201 F.3d at 113).

      **B.**    **Legal Standard Governing a Motion to Dismiss for Insufficient Services of Process**

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Dynegy Midstream Servs. v. Trammochem*, 451 F.3d 89, 94 (2d Cir. 2006). A defendant may move to dismiss for insufficient service of process under Fed. R. Civ. P. 12(b)(5). When a defendant brings such a motion, "the plaintiff bears the burden of establishing that service was sufficient." *Khan v. Khan*, 360 F. App'x 202, 203 (2d Cir. 2010) (citing *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005)). "Plaintiff must meet this burden by making a prima facie case of proper service through specific factual allegations and any supporting materials." *Sikhs for Just. v. Nath*, 850 F. Supp. 2d 435, 440 (S.D.N.Y. 2012) (internal quotation marks omitted). In considering such a motion, therefore, the Court must look "to matters outside the complaint to determine whether it has jurisdiction." *Cassano v. Altshuler*, 186 F. Supp. 3d 318, 320 (S.D.N.Y. 2016). "Conclusory statements are insufficient to overcome a defendant's sworn affidavit that he was not served." *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002). Finally, "[a] court analyzes a Rule 12(b)(5) motion to dismiss for insufficient service of process by looking to Rule 4, which governs the content, issuance, and service of a summons." *Herrera v. Manna 2nd Ave. LLC*, 20-CV-11026, 2021 WL 5235142, at *2 (S.D.N.Y. Oct. 22, 2021) (internal quotation marks omitted), *report and recommendation adopted*, 2021 WL 5234406 (S.D.N.Y. Nov. 10, 2021).

Rule 4(j)(2)(A) of the Federal Rules of Civil Procedure details the acceptable methods for service of process on a state, a municipal corporation, or any other state-created governmental organization that is subject to suit within a United States judicial district. Fed. R. Civ. P. 4(j)(2)(A). Such an entity may be served by "(A) delivering a copy of the summons and of the complaint to its chief executive officer[,] or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." *Id*.

### C. Legal Standard Governing a Motion to Dismiss for Failure to State Claim

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp.2d 204, 211, nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, some elaboration regarding that ground is appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp.2d at 212, n.20 (citing Supreme Court case). On the other hand, the Supreme Court has

held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp.2d at 212, n.17 (citing Supreme Court cases) (emphasis added).[1]

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp.2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp.2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp.2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 1965-74. The Court explained that, while this does not mean that a

9

pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id.* at 1965. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id.*

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S.Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated. Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.[2]

### III. ANALYSIS

After carefully considering the matter, the Court grants Defendants' motions for each of the numerous alternative reasons stated by Defendants in their memoranda of law. *See, supra,* Parts I.C.1. and I.C.3. of this Decision and Order. To those reasons, the Court adds only four brief points (which are intended to supplement, and not supplant, Defendants' reasons).

First, the Court rejects as plainly immaterial and/or without merit each of the three arguments asserted by Plaintiff in her opposition memorandum of law (i.e., her never-decided-on-the-merits argument, her statute-of-limitations-tolling argument, and her evidence-of-unfair treatment argument). *See, supra,* Part I.C.2. of this Decision and Order.

Second, in this District, when a non-movant fails to oppose a legal argument asserted by a movant, the movant's burden with regard to that argument is lightened, such that, in order to succeed on that argument, the movant need only show that the argument possess facial merit, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R. 7.1(a)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met to demonstrate entitlement to the relief requested therein, the non-moving party's failure

to file or serve any papers as this Rule requires shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause is shown."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL2473509, at *2 & nn.2, 3 (N.D.N.Y. Aug. 7, 2009) (Suddaby, J.) (collecting cases).[2] Here, the Court finds those of Defendants' legal arguments that Plaintiff has failed to opposed to be supported by, at the very least, facial merit. In any event, the Court would, and does, accept those legal arguments under the more-rigorous scrutiny appropriate for a contested motion.

Third, a lack of subject-matter jurisdiction is a threshold inquiry. Fed. R. Civ. P. 12(h)(3). This is because, if the Court lacks subject-matter jurisdiction over a claim, "it lacks the authority to evaluate the pleading sufficiency of his Complaint under Fed. R. Civ. P. 12(b)(6)." *Silver v. Campbell*, 16-CV-0911, 2017 WL 4011259, at *6 (N.D.N.Y. Sept. 11, 2017) (Suddaby, C.J.). Furthermore, a dismissal for lack of subject-matter jurisdiction must be without prejudice. *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 121 (2d Cir. 2017). Finally, the valid application of the doctrine of sovereign immunity deprives a court of subject-matter jurisdiction. *See Long Island Pure Water Ltd. V. Cuomo*, 375 F. Supp.3d 209, 215 (E.D.N.Y. 2019) (internal quotation marks omitted) ("A motion to dismiss for sovereign immunity under the Eleventh Amendment is

---

[2] Alternatively, the court can deem the challenged claim abandoned (regardless of the facial merit of the unresponded-to argument). *See Jackson v. Fed. Exp.*, 766 F.3d 189, 197-98 (2d Cir. 2014) ("Where a partial response to a motion is made–i.e., referencing some claims or defenses but not others–a distinction between pro se and counseled responses is appropriate. In the case of a pro se, the district court should examine every claim or defense with a view to determining whether summary judgment is legally and factually appropriate. In contrast, in the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned. In all cases in which summary judgment is granted, the district court must provide an explanation sufficient to allow appellate review. This explanation should, where appropriate, include a finding of abandonment of undefended claims or defenses.").

properly brought pursuant to Rule 12(b)(1) as the Eleventh Amendment reflects the fundamental principle of sovereign immunity that limits the grant of judicial authority in Art. III."); *see, e.g., Tornheim v. N.Y. State Senate*, 115 F. App'x 482, 482-83 (2d Cir. 2004); *Terio v. Wing*, 79 F. App'x 486, 487-488 (2d Cir. 2003); *Trotman v. Palisades Interstate Park Commission*, 557 F.2d 35, 37, 40 (2d Cir. 1977). For all of these reasons, the Court dismisses Plaintiff's claims against Defendant New York State Department of Corrections for money damages only without prejudice.

Third and finally, the Court dismisses with prejudice Plaintiff's *pro se* claims against any non-moving Defendants for the same numerous alternative reasons as stated above in this Decision and Order, which render those claims frivolous.[3]

**ACCORDINGLY,** it is

**ORDERED** that Defendants' motions to dismiss (Dkt. Nos. 11, 19, 21) are **GRANTED**, and all of the claims in Plaintiff's Complaint (Dkt. No. 1) are **DISMISSED with prejudice EXCEPT** Plaintiff's claims against Defendant New York State Department of Corrections for money damages, which are **DISMISSED without prejudice**.

Dated: November 26, 2024
        Syracuse, New York

_____
Glenn T. Suddaby
U.S. District Judge

---

[3] *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (recognizing that district court has power to *sua sponte* dismiss the *pro se* complaint of a non-inmate plaintiff based on frivolousness notwithstanding fact that the plaintiff has paid statutory filing fee).